IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISE G., <br><br> Plaintiff, <br><br> vs. <br><br> DR. KILOLO KIJAKAZI, <br><br> Defendant. | 8:21CV390 <br><br><br> **MEMORANDUM** <br> **AND ORDER** |

This is an action under 42 U.S.C. § 405(g) for judicial review of the Social Security Commissioner's final decision that Plaintiff's disability under sections 216(i) and 223(f) of the Social Security Act ended on April 1, 2019. For the reasons discussed below, the Commissioner's decision will be affirmed.

## PROCEDURAL BACKGROUND

Plaintiff applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434. In a determination dated January 16, 2014, Plaintiff was found disabled beginning May 11, 2012 (Filing 13-5, Tr. 145). On April 12, 2019, after performing a continuing disability review (CDR), the Social Security Administration determined Plaintiff's disability ended, and she was no longer entitled to DIB payments, as of April 1, 2019 (Filing 13-8, Tr. 197-200).[1] On February 5, 2020, a state agency disability hearing officer upheld this determination (Filing 13-8, Tr. 208-220, 221-228). Plaintiff then filed a request for an administrative hearing before an administrative law judge (ALJ). On January 26, 2021, the ALJ issued a decision finding Plaintiff "not disabled" as defined under the Act (Filing 13-3, Tr. 54-68; Filing 13-8, Tr. 249). On August 18, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

---

[1] As of the date her disability ended, Plaintiff was 49 years old (Filing 13-8, Tr. 197-200). She has a high school education and past relevant work as a daycare attendant (Filing 13-3, Tr. 66; Filing 13-6, Tr. 180; Filing 13-8, Tr. 225).

Commissioner's final decision (Filing 13-2, Tr. 1-3). This action for judicial review was filed on October 5, 2021.

## STATEMENT OF THE ISSUES

Plaintiff, who appears pro se, states in her Complaint that she "would like for new evidence to be presented" (Filing 1 at 3). After being directed to file a motion and supporting brief for an order reversing the Commissioner's decision or other relief, as required by General Order 2015-05,[2] Plaintiff filed a one-page letter with 61 pages of attached "new material" regarding "new health issues, starting 2022," which allegedly affect her "mobility, stability, and memory." (Filing 25 at 1.) The attachments include a letter from a treating physician, dated April 6, 2022 (Filing 25 at 2), letters from Plaintiff's son and sister (Filing 25 at 3-4), and Plaintiff's medical records for the period from January 10, 2022, to April 7, 2022 (Filing 25 at 5-62).[3]

Section 405(g) permits a district court "at any time [to] order additional evidence to be taken before the Commissioner ..., but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Material evidence is non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a

---

[2] General Order No. 2015-05 requires the parties in Social Security cases to file cross-motions for judicial review and provides that the case will be submitted to the court for decision on briefs, without oral argument.

[3] The medical records show Plaintiff was treated on January 10, 2022, for multiple cat bites and scratches (Filing 25 at 5-11); she had a "Welcome to Medicare (Preventative)" visit on January 17, 2022 (Filing 25 at 12-22); she saw a physical therapist on January 21 and February 11, 2022, for strengthening exercises (Filing 25 at 22-25); she had a diagnostic laparoscopy and hysteroscopic removal of a polyp on February 17, 2022, after complaining of chronic pelvic pain (Filing 25 at 26-44); she complained about a "prickly feeling" in her right foot and ankle on March 4, 2022 (Filing 25 at 44-49); she complained of issues with her memory, instability, and inability to sleep on March 23, 2022 (Filing 25 at 50-52); she saw a physical therapist on March 28 and April 4, 2022, for her complaints foot pain (Filing 25 at 53-60); and, finally, a pathologist's report on April 7, 2022, showed the polyp removed on February 17th was benign (Filing 25 at 61-62).

reasonable likelihood that it would have changed the [Commissioner's] determination." *Whitman v. Colvin*, 762 F.3d 701, 708 (8th Cir. 2014) (internal quotation marks and citations omitted).

The court has carefully reviewed Plaintiff's additional evidence and finds it is not material because it is not probative of Plaintiff's condition for the period between April 1, 2019, when her DIB payments were discontinued, and January 26, 2021, when the ALJ's decision was issued. Thus, the court cannot order the Commissioner to consider such additional evidence.

Nor can the court independently weigh such evidence or try issues *de novo*. Rather, the district court's role under 42 U.S.C. § 405(g) is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and, if so, to affirming that decision. *Lemus v. Colvin*, No. 8:13CV226, 2014 WL 3058344, at *8 (D. Neb. July 7, 2014) (citing *Howe v. Astrue,* 499 F.3d 835, 839 (8th Cir. 2007)). The court will liberally construe Plaintiff's motion for an order reversing the Commissioner's decision as requesting judicial review under this "substantial evidence" standard.

## THE ALJ'S FINDINGS

Pursuant to the eight-step sequential evidence set forth in the regulations for evaluating medical improvement and cessation of disability, the ALJ issued an unfavorable decision on January 26, 2021, finding that Plaintiff's disability ended on April 1, 2019 (Filing 13-3, Tr. 54- 67). *See* 20 C.F.R. § 404.1594(b)(1). The ALJ found that as of September 16, 2015, the date of the most recent favorable medical decision finding that Plaintiff was disabled (*i.e.*, the "comparison point decision (CPD)"), Plaintiff's medically determinable severe impairments were chronic pancreatitis, malnutrition, and alcohol abuse (Filing 13-3, Tr. 59); that during the relevant period—from April 1, 2019, the date Plaintiff's disability ended, through January 26, 2021, the date of the ALJ's decision—Plaintiff had not engaged in substantial gainful activity (Filing 13-3, Tr. 59); that since April 1, 2019, Plaintiff has had medically determinable impairments of chronic abdominal pain, chronic pancreatitis, restless leg syndrome, osteopenia, depression, dizzy spells, shortness of breath, and substance abuse (Filing 13-3, Tr. 59); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment

(Filing 13-3, Tr. 59). The ALJ next found that although Plaintiff continued to have severe impairments, medical improvement occurred as of April 1, 2019 (Filing 13-3, Tr. 61). The ALJ found that beginning April 1, 2019, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except she is limited to work that requires no more than occasional stooping, bending, and crawling (Filing 13-3, Tr. 61). With the assistance of vocational expert testimony, the ALJ then determined that while Plaintiff remained unable to perform her past relevant work as a daycare attendant, she could perform other work existing in significant numbers in the national economy (Filing 13-3, Tr. 66-67). Consequently, the ALJ determined that Plaintiff's disability ended as of April 1, 2019 (Filing 13-3, Tr. 67).

## STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Under this standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is 'more than a mere scintilla.'" *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether evidence is substantial, the court considers evidence that both supports and detracts from the Commissioner's decision. If substantial evidence supports the Commissioner's conclusion, the court may not reverse merely because substantial evidence also supports the contrary outcome and even if the court would have reached a different conclusion. *Nash*, 907 F.3d at 1089. The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions of the Social Security Administration." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court "will disturb the ALJ's decision only if it falls outside the available zone of choice." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006)).

The court must also determine whether the Commissioner's decision is based on legal error. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Id*. (citing *Brueggemann v. Barnhart*, 348 F.3d 689, 692 (8th Cir. 2003); *Nettles v. Schweiker*, 714 F.2d 833, 836 (8th Cir. 1983)). No deference is owed to the Commissioner's legal conclusions. *Brueggemann*, 348 F.3d at 692 (stating allegations of legal error are reviewed *de novo*). Plaintiff, however, does claim there was any legal error.[4]

## DISCUSSION

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

Where an individual has been granted disability benefits, his continued entitlement to such benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). "When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity." *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008) (citing 42 U.S.C. § 423(f)(1)). "This 'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant was found disabled and awarded benefits." *Id.*

---

[4] The court's local rules provide that a supporting brief "must concisely state the reasons for the motion and cite to supporting authority." NECivR 7.1(a)(1)(A). "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." *Id.*

5

The continuing disability review process involves a sequential analysis of up to eight steps for the Commissioner to determine. For a Title II claim, these steps include: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has an impairment or combination thereof that meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) whether there has been medical improvement as defined as any decrease in the medical severity of the impairment(s) based on improvement in the symptoms, signs and/or laboratory findings; (4) whether the medical improvement is related to the ability to work, which results in an increase in the claimant's ability to perform basic work activities; (5) whether an exception to medical improvement applies; (6) whether all of the claimant's current impairments in combination are severe; (7) if the impairment(s) is severe, whether the claimant has the residual functional capacity based on all current impairments to perform past relevant work; (8) if unable to do past work, whether the claimant can do other work given the residual functional capacity assessment, age, education, and past work experience. 20 C.F.R. § 404.1594(f)(1)-(8).

Here, the ALJ fully complied with the regulations and relevant case law when he considered both the medical and non-medical evidence before determining that, as of April 1, 2019, Plaintiff's medical condition had improved and was related to her ability to work (Filing 13-4, Tr. 98). Specifically, the ALJ found that Plaintiff was no longer malnourished, no longer required a feeding tube, and had been sober for about four years which also improved her liver functioning (Filing 13-3, Tr. 61). Therefore, by April 1, 2019, Plaintiff's impairments no longer met or medically equaled listing 5.08 (Filing 13-3, Tr. 59, 61). The ALJ found that, as of April 1, 2019, Plaintiff continued to have severe impairments, which include chronic abdominal pain and chronic pancreatitis (Filing 13-3, Tr. 61). The ALJ next determined that, as of April 1, 2019, Plaintiff had the RFC to perform light work that requires no more than occasional stooping, bending, and crawling (Filing 13-3, Tr. 61-62). The ALJ proceeded to discuss the evidence he considered while assessing Plaintiff's RFC. Substantial evidence supports the ALJ's conclusion that Plaintiff's disability ended on April 1, 2019. (Filing 13-3, Tr. 62-66).

Plaintiff testified that she continues to be disabled due to abdominal pain, neuropathy in her hands, restless leg syndrome, and osteopenia (bone loss) (Filing

13-3, Tr. 62; Filing 13-6, Tr. 166). The evidence shows Plaintiff has a history of chronic pancreatitis secondary to alcohol abuse, which resulted in the insertion of a feeding tube due to malnutrition (Filing 14-1, Tr. 438). The ALJ noted that Plaintiff was able to gain weight after her pancreatic stent was removed in 2019 (Filing 13-3, Tr. 63; Filing 14-4, Tr. 542; Filing 15-8, Tr. 1430). In February 2019, an examination revealed mild abdominal tenderness but no palpable masses (Filing 14-2, Tr. 462). The ALJ further observed that the remainder of Plaintiff's physical examination revealed normal findings (Filing 14-2, Tr. 462).

The ALJ noted that in September 2019, Plaintiff reported she was feeling better overall, but she still experienced some abdominal pain (Filing 14-9, Tr. 1025). In April 2020, Plaintiff reported that her pain had improved from 8/10 to 4/10 (Filing 15-7, Tr. 1347). During a wellness exam in June 2020, Plaintiff again reported that she was feeling well despite occasional abdominal pain and cramping (Filing 13-3, Tr. 63; Filing 15-8, Tr. 1439). In fact, Plaintiff reported she had no new complaints (Filing 15-8, Tr. 1439). Plaintiff was referred to the pain clinic in September 2020 for lower abdominal pain/cramping, where she denied having any recent pancreatitis symptoms (Filing 13-3, Tr. 63; Filing 15-8, Tr. 1430). Nevertheless, Plaintiff reported having some relief with taking over-the-counter Tylenol (Filing 15-8, Tr. 1430). *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) (use of nonprescription medication inconsistent with disabling pain). Although Plaintiff has a history of chronic constipation, the etiology of her abdominal pain was of unknown (Filing 15-8, Tr. 1435).

In November 2020, Plaintiff reported having a significant reduction in her abdominal pain with taking gabapentin (Filing 15-8, Tr. 1398, 1402). *See Julian v. Colvin*, 826 F.3d 1082, 1088 (8th Cir. 2016) (impairments alleviated with medications are not disabling); *Mabry v. Colvin*, 815 F.3d 386, 392 (8th Cir. 2016) (impairment that can be controlled with medication are not disabling). Plaintiff's physical examination revealed intact motor strength, grossly intact neurological exam, tender abdomen with no guarding or rebound tenderness (Filing 15-8, Tr. 1401). Plaintiff also confirmed that she had not had any alcohol in 5 years (Filing 15-8, Tr. 1398).

The ALJ also considered Plaintiff's daily activities, which he found inconsistent with Plaintiff's allegations of disabling symptoms. For example, the

ALJ noted that Plaintiff's reported ability to care for her own personal needs, perform household chores, drive for up to an hour, go grocery shopping, and attending a church study group (Filing 13-3, Tr. 64; Filing 13-11, Tr. 321-325). The ALJ determined that Plaintiff's reported daily activities were not limited to the extent one would expect given her complaints of disabling symptoms and limitations (Filing 13-3, Tr. 64). *See Buckner v. Astrue*, 646 F.4d 549, 555 (8th Cir. 2011) (Plaintiff's ability to engage in daily activities inconsistent with disabling allegations); *Curran v. Kicksey v. Barnhart*, 315 F.3d 964, 969 (8th Cir. 2003) ("Although participation in these activities does not dispositively show that [plaintiff's] complaints of [symptoms] were exaggerated, they certainly were appropriate for the ALJ to consider under *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)."). Further, the Eighth Circuit has found even fewer, less exertional daily activities to be inconsistent with complaints of disabling symptoms. *See, e.g., Steward v. Sec'y of Health & Human Servs.*, 957 F.2d 581, 587 (8th Cir. 1992); *Qualls v. Apfel*, 158 F.3d 425, 428 (8th Cir. 1998) (finding driving, cooking, cleaning, doing laundry, and shopping are activities consistent with light work). Thus, Plaintiff's reported daily activities show a level of functioning that is inconsistent with her claims of disabling symptoms and limitations.

Ultimately, the ALJ weighed Plaintiff's testimony and her reports of functional limitations and found them inconsistent with the evidence as a whole. The ALJ also found that Plaintiff's treatment has been essentially routine and conservative in nature. *See Gonzales v. Barnhart*, 465 F.3d 890, 892 (8th Cir. 2006) (ALJ properly considered Plaintiff's conservative treatment while evaluating [her] alleged symptoms); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (conservative treatment inconsistent with disabling limitations). Thus, the ALJ found that Plaintiff's subjective allegations were not substantiated by the medical evidence (Filing 13- 3, Tr. 64-65). The ALJ concluded that Plaintiff's allegations were not consistent with the evidence of record (Filing 13-3, Tr. 65).

The ALJ also properly found that there is no opinion provided in the record from a treating or examining physician regarding Plaintiff's work-related restrictions or functional abilities (Filing 13-3, Tr. 65). *See Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011) (ALJ may consider absence of physician-imposed restrictions); *Fenton v. Apfel*, 149 F.3d 907, 912 (8th Cir. 1998) (no physician gave restrictions

that prevented Plaintiff from work). Overall, the ALJ determined that the objective medical findings do not indicate that Plaintiff's symptoms are as severe as she alleges (Filing 13-3, Tr. 65). The Eighth Circuit has recognized that "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

Plaintiff's burden to prove disability includes the burden to prove her RFC. *See* 20 C.F.R. § 404.1512(a); *Wall v. Astrue*, 561 F.3d 1048 (10th Cir. 2009); *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Plaintiff cannot rely solely on her subjective statements of symptoms, without more, to meet her burden to prove disability, particularly, where, as here, these subjective complaints are not borne out of the evidence. *See* 20 C.F.R. 404.1505 (subjective complaints alone cannot establish the presence of a disabling impairments). Here, despite her assertions, Plaintiff has not provided sufficient evidence to support her claim of disability. Thus, Plaintiff has failed to establish that she was disabled beginning April 1, 2019.

Following the ALJ's decision, Plaintiff requested review of the ALJ's decision and provided additional evidence to the Appeals Council (Filing 13-2, Tr. 6-51; Filing 13-3, Tr. 74- 89; Filing 13-4, Tr. 108-114). The Appeals Council found some of this evidence (*i.e.*, medical records from December 2020 and January 2021) did not establish a reasonable probability that it would change the outcome of the ALJ's decision, and that the remainder of the evidence was not material because it did not relate to the period at issue (Filing 13-2, Tr. 1-4). The regulations provide that the Appeals Council must consider only "new and material evidence" that "relates to the period on or before the date of the [ALJ] hearing decision." *See* 20 C.F.R. § 404.970(c); *see also Bergman v. Apfel*, 207 F.3d 1065, 1069-1970 (8th Cir. 2000) (evidence must be new and material, which means that it must be more than merely cumulative of other evidence, and it must relate to the time period at issue).

This court has no jurisdiction to review the Appeals Council's decision denying Plaintiff's request for review of the ALJ's decision. The court's "review is limited by statute to the final decision of the Commissioner, which is the judge's final decision. [The court] ha[s] no jurisdiction to review the Appeals Council's non-final decision to deny review." *Piepgras v. Chater*, 76 F.3d 233, 238 (8th Cir. 1996) (citing *Browning v. Sullivan*, 958 F.2d 817, 822-23 (8th Cir. 1992)). Even so, the

court has independently reviewed the additional evidence that Plaintiff submitted to the Appeals Council (Filing 13-2, Tr. 5-51), and finds there is no basis for a remand under 42 U.S.C. § 405(g). As determined by the Appeals Council, there is not a reasonable likelihood that the additional evidence would have changed the ALJ's determination, and much of the evidence is not even probative of Plaintiff's condition for the time period for which benefits were denied.

## **CONCLUSION**

The court finds the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for an Order Reversing the Commissioner's Decision (Filing 25) is denied.

2. Defendant's Motion for an Order Affirming the Commissioner's Decision (Filing 26) is granted.

3. A final judgment affirming the Commissioner's decision shall be entered by separate document.

Dated this 8th day of July 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge